IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC CAMEL, CHAD COMPTON, HEATHER COMPTON, ANTHONY COSLET; AIMEE GILBERT, STEPHEN HIMAN, RUDOLPH JIMENEZ, EVAN JONES, JOSHUA MOHLKE MIGUEL PLAZOLA, STEPHEN SLOAN, BRANDON SMITH, BRADFORD TYSKIEWICZ, BRENT VALPATIC, STEPHEN WILLIAMS, and CHESTERTON FIREFIGHTERS LOCAL 4600 ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, ) | |
| v. ) | Case No.: |
| TOWN OF CHESTERTON, INDIANA ) Defendant. ) | |

## COMPLAINT AND JURY DEMAND

Plaintiffs, ERIC CAMEL, CHAD COMPTON, HEATHER COMPTON, ANTHONY COSLET, AIMEE GILBERT, STEPHEN HIMAN, RUDOLPH JIMENEZ, EVAN JONES, JOSHUA MOHLKE, MIGUAL PLAZOLA, STEPHEN SLOAN, BRANDON SMITH, BRADFORD TYSKIEWICZ, BRENT VALPATIC, STEPHEN WILLIAMS (hereinafter collectively referred to as "Chesterton Firefighters") and CHESTERTON FIREFIGHTERS LOCAL 4600 (hereinafter referred to as "the Union"), by and through counsel, SMITH SERSIC, for their Complaint against Defendant, Town of Chesterton, Indiana (hereinafter referred to as "Defendant"), herein state as follows:

## NATURE OF ACTION

1. Chesterton Firefighters bring this action to recover unpaid overtime compensation and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et. seq. (hereinafter sometimes referred to as "the Act"), and/or in violation of I.C. §22-2-2-4 and;

1

2. Chesterton Firefighters and the Union bring their supplemental state law claims as herein alleged.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 29 U.S.C., §201, et. seq.; 29 U.S.C. §216; 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. This Court has jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) because the Defendant has their place of business in this district, the plaintiffs are employed by the Defendant in this district, and the actions complained of were conducted within this district.

## PARTIES

6. At all relevant times, Chesterton Firefighters and all other similarly situated, are or were "employees" of Defendant within the meaning of Section 203(e) of the Act, 29 U.S.C. § 203(e).

7. Chesterton Firefighters bring this action on behalf of themselves and all other employees similarly situated pursuant to 29 U.S.C. § 216(b). Copies of the Chesterton Firefighters' consent forms are attached hereto and contemporaneously filed herewith as **Exhibit 1**.

8. At all relevant times, the Union is a local labor union which represents Chesterton Firefighters in matters related to their employment with Defendant including, but not limited to, negotiating and entering into yearly agreements by and between the Union and Defendant that govern employment of Chesterton Firefighters.

9. Defendant is a government unit of the State of Indiana, and is located in the geographical territory subject to his Court's jurisdiction and is a "public agency" as that term is defined in 29 U.S.C. §203(x).

10. Defendant is an "employer" as that term is defined by 29 U.S.C. §203(d) and, as such, is subject to the provisions of Section 7 of the Act, 29 U.S.C. § 207.

11. At all relevant times, Defendant has been an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et. seq. and is subject to the provisions of such Act.

12. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce, and is a public agency engaged in public activities for purposes of 29 U.S.C. §203(s).

13. At all relevant times, Chesterton Firefighters worked hours in excess of the applicable overtime threshold under Section 7(k) of the Act and became entitled to receive one and one-half times their regular rates of pay for all such excess hours under the Act.

14. Chesterton Firefighters and the Union bring their supplemental state law causes of action as alleged herein.

**FACTS**

15. At all times relevant herein, Chesterton Firefighters are held to a twenty-seven (27) day work period for purposes of Section 7(k) of the Act.

16. Pursuant to the Act, Chesterton Firefighters are owed overtime when their hours exceed 204 hours in the twenty-seven (27) day work period.

17. From at least 2011 until January 1, 2019, the parties entered into yearly employment agreements (hereinafter referred to as the "Former Agreements"). These Former Agreements are attached and made a part hereof as **Exhibit 2**.

18. In accordance with Section 3 of the Former Agreements, entitled "Vacation Accrual", Chesterton Firefighters received four (4) 24-hour shifts in conjunction with other benefits. **Exhibit 2**.

19. At some point prior to 2011, Plaintiffs and Defendant entered into negotiations regarding the amount of overtime owed to Chesterton Firefighters in a given work period.

20. Defendant advised Plaintiffs that Section 3 satisfied the Act with respect to overtime owed to Chesterton Firefighters.

21. Section 3 did not and does not satisfy the Act and Chesterton Firefighters are owed compensation for overtime worked.

22. From at least 2011 until January 2, 2019, Chesterton Firefighters were not provided the appropriate compensation for overtime worked.

23. For the years 2010, 2011, and 2012, the Former Agreements allowed for the four (4) 24-hour shifts to be used "the same as vacation days."

24. From the years 2013 to the present, the Former Agreements allowed for Chesterton Firefighters to use their four (4) 24-hour shifts in accordance with "department policy".

25. The department policy, until January 1, 2019, allowed for Chesterton Firefighters to utilize their four (4) 24-hour shifts the same as vacation time or "as needed". This department policy is attached and made a part hereof as **Exhibit 3**.

26. From at least 2011 until January 2, 2019, the Chesterton Firefighters were provided and did use their four (4) 24-hour shifts the same as their vacation time or as needed.

27. In early 2018, the Plaintiffs were informed that Defendant would no longer be providing the Chesterton Firefighters with four (4) 24-hour shifts which had been in place since 2011.

28. Plaintiffs requested a meet and confer with Defendant.

29. Defendant refused to meet and confer with Plaintiffs in good faith on this issue.

30. Nevertheless, the parties negotiated the terms of the 2019 Agreement.

31. Specifically, Defendant agreed to continue to provide Chesterton Firefighters with their four (4) 24-hour shifts each year in addition to any other time required in order for Defendant to be in compliance with the Act.

32. Defendant represented to Plaintiffs on multiple occasions that "nothing would change", "everything would remain the same", and the status quo of the past nearly eight years would be maintained in 2019.

33. During negotiations, Plaintiffs verbalized and memorialized in writing, their concern with losing their ability to utilize their four (4) 24-hour shifts the same as vacation or on an as needed basis.

34. Plaintiffs specifically requested that the department policy referenced in Article VIII, Section 3(d) of the 2019 Agreement be attached to the Agreement as an appendix item for fear that Defendant would enter into the 2019 Agreement and then suddenly change the department policy to Plaintiffs' detriment.

35. Defendant refused to include the department policy as an appendix item to the 2019 Agreement and reassured Plaintiffs repeatedly that everything would remain the same, including the department policy and Plaintiffs' usage of the four (4) 24-hour shifts as vacation time or as needed.

36. Given the above representations, the parties entered into the 2019 Agreement on December 26, 2018. This Agreement is attached and made a part hereof as **Exhibit 4**.

37. The department policy in effect on the date of signing the 2019 Agreement allowed for the Chesterton Firefighters to utilize their four (4) 24-hour shifts the same as vacation time or as needed.  See **Exhibit 3**.

38. On January 2, 2019, one day after the 2019 Agreement became affective, Defendant changed the department policy to Plaintiffs' detriment. The January 2, 2019 department policy is attached and made a part hereof as **Exhibit 5**.

## COUNT I:
### *Fair Labor Standards Act*

39. The foregoing paragraphs one through thirty-eight are included as though fully set forth herein.

40. Pursuant to 29 U.S.C. §219(b), Chesterton Firefighters bring this action, as they earned, but did not receive compensation for time worked, including overtime pay from Defendant.

41. Defendant has improperly failed to compensate Chesterton Firefighters for all the time they were at work discharging their work-related duties.

42. The Fair Labor Standards Act requires an employer to pay its employees at a rate of at least one and one-half their regular rate for over time.

43. At all times relevant, Chesterton Firefighters worked hours in excess of the applicable overtime threshold under Section 7(k) of the Act and became entitled to receive one and one-half times their regular rates of pay for all such excess hours under the Act.

44. Despite working overtime, Chesterton Firefighters were not paid time and one-half pay from Defendant for overtime worked.

45. Defendant has, for more than nine (9) years, willingly, deliberately and intentionally refused to pay Chesterton Firefighters for time and one-half pay for overtime worked.

46. During all relevant times, Defendant knew or should have known that Chesterton Firefighters were entitled to compensation of time and one-half overtime pay under the Act.

47. Additionally, Defendant had time records which documented the time and correct hours that Chesterton Firefighters worked. Nonetheless, Defendant ignored these time records.

48. Defendant's failure to properly compensate Chesterton Firefighters for all compensable hours was a willful and knowing violation of the Act.

49. Defendant acted in reckless disregard as to whether it was in violation of the Act.

50. Pursuant to 29 U.S.C. §§207, 216, Defendant owes Chesterton Firefighters compensation for the overtime work, an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs and all other just and proper relief.

## COUNT II:
### *Violation of I.C. § 36-8-22-11/I.C. § 36-8-22-11*

51. The foregoing paragraphs one through fifty are included as though fully set forth herein.

52. Plaintiffs provided written notice to Defendant of their request to meet and confer pursuant to I.C. § 36-8-22-12(a) on November 27, 2018.

53. Plaintiffs specifically requested a meet and confer with at least three of the five Chesterton Town Council members.

54. Plaintiffs reiterated their request both in writing on December 10, 2018 and in person at the Chesterton Town Council meeting on December 10, 2018.

55. Plaintiffs fully complied with I.C. § 36-8-22-12(a) and I.C. § 36-8-22-13(a) when they requested a meet and confer with their employer in writing.

56. Defendant refused to meet and confer with the Plaintiffs in good faith.

57. Defendant failed to comply with I.C. § 36-8-22-12(b) which requires that the employer ". . . meet and confer in good faith . . . to discuss issues and proposals regarding wages, hours of employment, and other conditions and terms of employment."

58. Defendant failed to comply with I.C. § 36-8-22-11 (5) when it refused to meet and confer in good faith with Plaintiffs.

59. Defendant's wrongful conduct proximately caused injury and damage to Plaintiffs. As such, Defendant is liable to Plaintiffs for such damages suffered, in a reasonable amount to compensate them for their loss, including, but not limited to general and compensatory damages.

## COUNT III:
### *Breach of Contract*

60. The foregoing paragraphs one through fifty-nine are included as though fully set forth herein.

61. On or about December 26, 2018 the Union and Defendant entered into a written Agreement (hereinafter referred to as "the Agreement") with an effective date of January 1, 2019 through December 31, 2019. See **Exhibit 4**.

62. Article VIII, Section 3(d), states, in pertinent part, that ". . . each firefighter working a 56 hour week shall receive four (4) 24-hr shifts . . . to be scheduled according to department policy, for the effective period of this Agreement."

63. The department policy referenced in Article VIII, Section 3(d) that was in effect at the time of signing the Agreement indicated, *inter alia*, that the fire fighters could use their four (4) 24-hour shifts the same as they use their vacation time or on an "as needed" basis. See **Exhibit 3**.

64. On January 2, 2019, one day after the effective date of the Agreement, the department policy was unilaterally changed to greatly inhibit and restrict the firefighters' ability to use their four (4) 24-hour shifts. See **Exhibit 5**.

65. The change in department policy constitutes a Breach of the Agreement.

66. In breaching said Agreement, Defendant acted with malice, fraud, gross negligence, and/or oppressiveness.

67. Defendant is liable for its own acts and the acts of its agents and/or representatives.

68. The injustice suffered by the Plaintiffs can only be avoided by the enforcement of said Agreement and by deterrence of future actions by the Defendant of malice, fraud, gross negligence, and/or oppressiveness.

69. Defendant's wrongful conduct proximately caused injury and damage to the Plaintiffs. As such, Defendant is liable to Plaintiffs for such damages suffered, in a reasonable amount to compensate them for their loss, including, but not limited to general and compensatory damages.

### COUNT IV:
### *Promissory Estoppel*

70. The foregoing paragraphs one through sixty-nine are included as though fully set forth herein.

71. Defendant made promises to Plaintiffs.

72. Specifically, Defendant promised Chesterton Firefighters four additional days or 96 hours to be used as vacation days or on an as needed basis as an additional incentive to the employment with Defendant.

73. This promise was made to each Chesterton Firefighter when they agreed to be hired by Defendant.

74. The same promise was made to the Union and Chesterton Firefighters when Defendant signed the 2019 Agreement.

75. This promise by Defendant was made with the expectation that Plaintiffs would rely upon it to join the Chesterton Fire Department and to sign the 2019 Agreement.

76. This promise did induce reasonable reliance by the Plaintiffs of a definite and substantial nature.

77. Namely, Chesterton Firefighters relied on the promise made by Defendant when they took employment with Defendant and the Union relied on the promise when it signed the 2019 Agreement.

78. Defendant acted with malice, fraud, gross negligence, and/or oppressiveness their aforementioned actions.

79. Defendant is liable for its own acts and the acts of its agents and/or representatives.

80. The injustice suffered by the Plaintiffs can only be avoided by the enforcement of said promises and by deterrence of future actions by the Defendant of malice, fraud, gross negligence, and/or oppressiveness.

81. Defendant's wrongful conduct proximately caused injury and damage to the Plaintiffs. As such, Defendant is liable to Plaintiffs for such damages suffered, in a reasonable amount to compensate them for their loss, including, but not limited to general and compensatory damages.

### COUNT V:
### *Fraud & Fraudulent Inducement*

82. The foregoing paragraphs one through eighty-one are included as though fully set forth herein.

83. Defendant misrepresented material facts; namely, that the 2019 Agreement and department policy would remain the same as prior years with respect to the usage of the Chesterton Firefighters' four (4) 24-hour shifts.

84. The misrepresentations made by Defendant were false.

85. Defendant made the misrepresentations knowing the statements were false or in reckless ignorance of the falsity of said statements.

86. Defendant made these material misrepresentations with the intent to deceive Plaintiffs.

87. Plaintiffs rightfully relied upon these representations to their detriment.

88. Specifically, Plaintiffs relied upon these misrepresentations when they signed the 2019 Agreement.

89. Plaintiffs were induced through the aforementioned fraudulent misrepresentations to enter into the 2019 Agreement.

90. Defendant's actions and misrepresentations in no way constituted a mistake of law or fact, honest error or judgment, overzealousness, mere negligence, or other such human failing.

91. Defendant acted with malice, fraud, gross negligence, and/or oppressiveness their aforementioned actions.

92. Defendant is liable for its own acts and the acts of its agents and/or representatives.

93. The injustice suffered by the Plaintiffs can only be avoided by deterrence of future actions by the Defendant of malice, fraud, gross negligence, and/or oppressiveness

94. Defendant's wrongful conduct proximately caused injury and damage to the Plaintiffs. As such, Defendant is liable to Plaintiffs for such damages suffered, in a reasonable amount to compensate them for their loss, including, but not limited to general and compensatory damages.

## COUNT VI:
### *Constructive Fraud*

95. The foregoing paragraphs one through ninety-four are included as though fully set forth herein

96. As the employer of the Plaintiffs, Defendant has a dominant position over Plaintiffs.

97. Defendant's relationship with Plaintiffs constitutes a confidential and/or fiduciary relationship.

98. Defendant's aforementioned conduct and actions constitutes taking unconscionable advantage of Defendant's dominant position over Plaintiffs.

99. Defendant is liable for its own acts and the acts of its agents and/or representatives.

100. The injustice suffered by the Plaintiffs can only be avoided by deterrence of future actions by the Defendant of malice, fraud, gross negligence, and/or oppressiveness

101. Defendant's wrongful conduct proximately caused injury and damage to the Plaintiffs.  As such, Defendant is liable to Plaintiffs for such damages suffered, in a reasonable amount to compensate them for their loss, including, but not limited to general and compensatory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek judgment against Defendant as follows:

1. Entry of judgment in favor of Plaintiffs against Defendant on all claims for relief and damages requested herein including, but not limited to the following;

2. Award the Chesterton Firefighters compensatory damages and an equal amount of liquidated damages as provided under the law and 29 U.S.C. §216(b);

3. Award the Chesterton Firefighters reasonable attorneys' fees, costs, and expenses;

4. Award the Plaintiffs any and all additional damages sought including, but not limited to compensatory damages, consequential damages, and general damages.

5. Retain jurisdiction and maintain the *status quo* until this matter concludes; and

6. Any and all additional relief as the interest of justice may require and that this Court may determine to be appropriate, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand trial by jury on all issues so triable.

/s/ Angela M. Jones
Angela M. Jones, #30770-45
Kevin C. Smith, #18169-45
Smith Sersic
9301 Calumet Avenue, Suite 1F
Munster, IN 46321
Phone: (219) 936-7600
Fax: (219) 836-2848
Email: ajones@smithsersic.com;
ksmith@smithsersic.com
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2019, I electronically filed the foregoing Pleading(s) with the Clerk of the Court using the CM/ECF system which sent notification to all attorneys of record.

     /s/ Angela M. Jones