UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC CAMEL, CHAD COMPTON, HEATHER COMPTON, ANTHONY COSLET, AIMEE GILBERT, STEPHEN HIMAN, RUDOLPH JIMENEZ, EVAN JONES, JOSHUA MOHLKE, MIGUEL PLAZOLA, STEPHEN SLOAN, BRANDON SMITH, BRADFORD TYSKIEWICZ, BRENT VALPATIC, STEPHEN WILLIAMS, MICHAEL A. COSLET, AMANDA SHINE, and CHESTERTON FIREFIGHTERS LOCAL 4600, | |
| Plaintiffs, | CAUSE NO.: 2:19-CV-65-TLS-JPK |
| v. | |
| TOWN OF CHESTERTON, INDIANA and JOHN JARKA *individually and as Chief of the Chesterton Fire Department*, | |
| Defendants. | |
| TOWN OF CHESTERTON, | |
| Counter-Plaintiff, | |
| v. | |
| ERIC CAMEL, CHAD COMPTON, HEATHER COMPTON, ANTHONY COSLET, AIMEE GILBERT, STEPHEN HIMAN, RUDOLPH JIMENEZ, BRANDON SMITH, BRENT VALPATIC, and STEPHEN WILLIAMS, | |
| Counter-Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on a Joint Motion for Approval of FLSA Settlement Agreement and Dismissal [ECF No. 58], filed on September 17, 2020.

**PROCEDURAL BACKGROUND**

On February 16, 2019, Plaintiffs Eric Camel, Chad Compton, Heather Compton, Anthony Coslet, Aimee Gilbert, Stephen Himan, Rudolph Jimenez, Evan Jones, Joshua Mohlke, Miguel Plazola, Stephen Sloan, Brandon Smith, Bradford Tyskiewicz, Brent Valpatic, Stephen Williams, and Chesterton Firefighters Local 4600 filed a Complaint [ECF No. 1] against the Town of Chesterton, Indiana. Plaintiffs filed an Amended Complaint [ECF No. 20] on September 16, 2019, adding Plaintiff Michael A. Coslet; a Second Amended Complaint [ECF No. 26] on November 19, 2019, adding Plaintiff Amanda Shine; and a Third Amended Complaint [ECF No. 37] on February 3, 2020, adding Defendant John Jarka, individually and as Chief of the Chesterton Fire Department.

Plaintiffs have brought nine counts alleging violations of the Fair Labor Standards Act ("FLSA"), the First Amendment, Indiana Code § 36-8-22-11, and Indiana Code § 22-5-1 as well as claims of breach of contract, promissory estoppel, fraud and fraudulent inducement, constructive fraud, and unlawful retaliation under the FLSA. *See* Third Am. Compl., ECF No. 37. On March 17, 2020, Defendants filed an Answer [ECF No. 42] to the Third Amended Complaint. The same date, the Town of Chesterton filed a Counterclaim [ECF No. 43] against Plaintiffs Eric Camel, Chad Compton, Heather Compton, Anthony Coslet, Aimee Gilbert, Stephen Himan, Rudolph Jimenez, Brandon Smith, Brent Valpatic, and Stephen Williams, seeking collection of $89,878.26 in alleged overpayment of wages to these Plaintiffs.

On September 17, 2020, the parties filed the instant Parties' Joint Motion for Approval of FLSA Settlement Agreement [ECF No. 58], attaching the Settlement Agreement and Release of all Claims [ECF No. 58-1] ("Settlement Agreement") for the Court's review.

**ANALYSIS**

Under the FLSA, settlement agreements for the recovery of unpaid overtime compensation must be approved by the Court in the absence of direct supervision by the

2

Secretary of Labor. *See Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010); *see also Wendorf v. Village of Plover*, 19-cv-251, 2020 WL 2473759, at *1 (W.D. Wis. May 13, 2020); *Paredes v. Monsanto Co.*, 4:15-CV-88-JD, 2016 WL 1555649, at *1 (N.D. Ind. Apr. 18, 2016); *Adams v. Walgreen Co.*, No. 14-CV-1208, 2015 WL 4067752, at *1 (E.D. Wis. July 2, 2015) (collecting cases). The governing provision of the FLSA provides:

> The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

29 U.S.C. § 216(c). The Seventh Circuit Court of Appeals has explained that "the Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). But "[s]ection 16(c) creates the possibility of a settlement, supervised by the Secretary to prevent subversion, yet effective to keep out of court disputes that can be compromised honestly." *Id.* Because the Secretary has not supervised this settlement, the Court must approve it.

"To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder*, 750 F. Supp. 2d at 994–95 (citations, brackets, and quotation marks omitted). A reviewing court normally approves a settlement "where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id*. at 995 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 CV 4377, 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010) (internal quotation marks omitted)). In addition, "courts may enter judgments on a basis that does

3

not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness." *Id.* (quoting *Misiewicz*, 2010 WL 2545439 at *3).

Plaintiffs allege, among numerous other claims against both Defendants, that Defendant Town of Chesterton failed to comply with statutory overtime provisions when it failed to pay them overtime wages when they worked in excess of 204 hours in a twenty-seven (27) day work period from 2011 through and including 2019. Third Am. Compl. ¶¶ 17, 18, 24, 29–40, 42–47. Defendants denied any wrongdoing in their Answer. *See* Answer to Third Am Compl., ECF No. 42. In its Counterclaim, Defendant Town of Chesterton alleges that ten of the seventeen individual Plaintiffs received payments in excess of the payments authorized by the salary ordinances adopted by the Town and seeks return of the overpayment in the amount of $89,878.26. Countercl. ¶¶ 4, 5, ECF No. 43; Settlement Agreement 2, ECF No. 58-1.

In the instant Motion, Defendants represent that, prior to suit being filed, the Town of Chesterton paid all Plaintiffs, except Plaintiffs Michael A. Coslet and Amanda Shine (who were added with the First and Second Amended Complaints), overtime wages that were owed under the FLSA, including liquidated damages. Separate, individual payments to Plaintiffs Coslet and Shine are included in the Settlement Agreement, as set forth below. After the Complaint was filed, the parties conducted discovery, and Plaintiffs hired an expert to determine the amount of overtime wages allegedly owed to each Plaintiff. The parties disagree about the accuracy of the expert's findings and whether Defendants' liability was discharged by the pre-suit payments made to Plaintiffs. Counsel for the parties represent that they reached an arms-length agreement to settle the case on August 10, 2020, after two months of extensive negotiations over the language of the Settlement Agreement. They finalized the terms of the Settlement Agreement on August 25, 2020.

The Settlement Agreement provides for a total payment of $26,371.24, which includes (1) a payment of $647.40 to Plaintiff Amanda Shine for back pay and liquidated damages,

4

inclusive of all attorney's fees and costs; (2) a payment of $723.84 to Plaintiff Michael A. Coslet for back pay and liquidated damages, inclusive of all attorney's fees and costs; and (3) a payment of $25,000 to all Plaintiffs, inclusive of all attorney's fees and costs. The Settlement Agreement further provides for significant non-economic awards such as the addition of four vacation days in lieu of reduction time (and the elimination of reduction time), enacted through amendments to the Personnel Handbook and to the agreement between the Town of Chesterton and Chesterton Firefighters Local 4600; waiver of the $89,878.26 overpayment the Town of Chesterton alleges is owed by ten of the Plaintiffs; and the removal of a reprimand in two of the Plaintiffs' personnel files. And, the Settlement Agreement provides that Plaintiffs and the Town of Chesterton agree to dismiss all of their claims with prejudice within three business days of receipt of the settlement funds.

     Based on the pleadings and the instant Motion, the Court finds that serious questions of law and fact exist as to liability and damages in this case. In light of these issues, the value of an immediate recovery outweighs the mere possibility of further relief after litigating the matter further at the trial court level. In addition to the monetary settlement, the Settlement Agreement provides significant non-economic awards to Plaintiffs. And, the parties are represented by counsel, who have negotiated in good faith and at arm's length. All of these factors weigh in favor of judicial approval of the Settlement Agreement.

     However, as to the $25,000 payment, neither the Settlement Agreement nor the Motion itemizes the amount of the attorney's fee, the amount of the costs, or the amount to be received by the seventeen individual Plaintiffs. Although the Motion represents that the parties agree that Plaintiffs' attorney's fee is reasonable in relation to the requirements of the case, without information regarding the distribution of the $25,000 payment, the Court is unable to make its own determination as to the reasonableness of the payments to Plaintiffs or the reasonableness of attorney's fee in relation to the overall settlement and Plaintiffs' statutory rights under the FLSA.

5

*See, e.g.*, *Wendorf*, 2020 WL 2473759, at *2 (finding that, on the record before it, the court was unable to determine whether the fee was reasonable in relation to whether the overall settlement agreement was a "reasonable compromise of disputed issues rather than a mere waiver of statutory rights"). Accordingly, the parties are granted leave to file a supplement to this motion providing the Court with additional information regarding the $25,000 payment and the amounts designated for attorney's fees, costs, and payments to Plaintiffs.

## CONCLUSION

Based on the foregoing, the Court TAKES UNDER ADVISEMENT the Joint Motion for Approval of FLSA Settlement Agreement and Dismissal [ECF No. 58] and GRANTS the parties leave to file, on or before October 7, 2020, a supplement to the motion setting forth the necessary additional information regarding the distribution of the $25,000 settlement payment and the reasonableness of the attorney's fee in relation to the overall settlement. The Court DENIES as moot the Parties' Joint Motion for Approval of FLSA Settlement Agreement and Dismissal [ECF No. 57].

SO ORDERED on September 22, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT